IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK STEWART HUNT**                                                                                    **PLAINTIFF**

v.                                No: 4:22-cv-01232-KGB-PSH

**RODNEY WRIGHT,** *et al.*                                                            **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Mark Stewart Hunt filed a *pro se* complaint on December 15, 2022, while incarcerated at the Saline County Detention Facility (Doc. No. 2). The Court granted Hunt *in forma pauperis* status and instructed him to file an amended complaint to clarify and narrow his claims (Doc. No. 4). The Court warned Hunt that an amended complaint would render his original complaint without legal effect

and that only claims properly set out in his amended complaint would be allowed to proceed. *Id.* He subsequently filed an amended complaint (Doc. No. 8). On January 27, 2023, Hunt filed a document in three separate cases stating he wished to clarify his active lawsuits (Doc. No. 11). In response, the Court sent Hunt a copy of the docket sheet for this case, a copy of his original complaint, a copy of the Court's order directing him to amend, a copy of his amended complaint, and a copy of Magistrate Judge Edie Ervin's Recommended Disposition (Doc. No. 10) in Case No. 4:22-cv-01249-LPR-ERE. *See* Doc. No. 12. The Court allowed Hunt a second opportunity to file an amended complaint to clarify his claims. *Id.* He has not done so. The Court has therefore screened Hunt's amended complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555

(2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Hunt sues two deputies from the Pulaski County Sheriff's office who transported him from Jacksonville to Little Rock with no seatbelt restraints on November 9, 2022. Doc. No. 8 at 1, 4. He claims the driver of the transport vehicle came to a hard stop causing Hunt's left shoulder to strike the cage because he was not restrained. *Id.* Hunt alleges that the officers asked him if he was ok and put his seatbelt on after the incident. *Id.* at 5. He states that this incident led to all his

lawsuits and mentions that individuals not named as defendants in his amended complaint were responsible for the neglect of his "medical/mentally/physically and emotional welfare." *Id.* at 6.

This Court has already determined that Hunt's claims against the Pulaski County deputies who transported him fail as a matter of law because they sound in negligence, which is not actionable under § 1983.[1] In *Hunt v. Tackett, et al.,* Case No. 4:22-cv-01249, U.S. Magistrate Judge Edie R. Ervin recommended dismissal of Hunt's claims for failure to state a claim upon which relief may be granted (*see* Doc. No. 10 in that case). United States District Judge Lee P. Rudofsky adopted that recommendation (*see* Doc. No. 15 in that case). The undersigned has reviewed Hunt's allegations in both cases, and they are the same. Accordingly, Hunt's claims fail as a matter of law for the reasons set forth in Judge Ervin's recommendation. This case should therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[1] *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim under both the Eighth Amendment and the Fourteenth Amendment applicable to pre-trial detainees); *see also Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ( . . . "'deliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk.") (quoting *Newman v. Holmes,* 122 F.3d 650, 653 (8th Cir. 1997)).

## III. Conclusion

It is therefore recommended that:

1. Hunt's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 13th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE